UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| IN RE: TROPICANA ORANGE JUICE MARKETING AND SALES PRACTICES LITIGATION<br><br>This Document Refers To: ALL CASES | MDL: 2353<br><br>Master File No: 2:11-cv-7382 (DMC)(JAD)<br><br>**ORDER**<br><br>Date: June 22, 2012 |

CASE MANAGEMENT ORDER NO. 1

LEADERSHIP STRUCTURE FOR PLAINTIFFS' COUNSEL

This matter comes before the Court upon the parties' submission concerning the proposal for organization and duties of Plaintiffs' counsel; and the Court finding it important that there be a single law firm to serve as a point of contact for Defendant and the Court with authority to speak on behalf of Plaintiffs; and the Court having appointed law firm of Carella, Byrne, Cecchi, Olstein, Brody & Agnello, P.C. ("Carella Byrne") interim lead counsel by Order dated February 14, 2012; and the Court having authorized Carella Byrne to form an Executive Committee to prosecute the litigation on behalf of the Plaintiffs; and the Court having considered the submission of the parties and the case law that favors appointment of only as many lead law firms as necessary for the efficient management of a case[1]; and for good cause shown;

---

[1] *See e.g., In re Milestone Sci. Secs. Litig.*, 187 F.R.D. 165 (D.N.J. 1999) (stating that appointment of many firms to lead positions is unnecessary and may only make the litigation more expensive where one firm can fulfill the lead counsel role); *In re Nice Sys. Secs Litig.*, 188 F. R. D. 206 (D.N.J. 1999) (asserting that the

IT IS on this **2nd** day of July 2012, hereby **ORDERED**:

1. Attorneys James E. Cecchi of Carella Byrne, Stephen A. Weiss of Seeger Weiss LLP, Paul M. Weiss of Complex Litigation Group LLC, Scott A. Bursor of Bursor & Fisher, P.A., and Antonio Vozzolo of Faruqi & Faruqi LLP shall serve on the Plaintiffs' Executive Committee and shall assist in managing the workload of Plaintiffs' pretrial activities, as set forth in the Court's Order dated February 14, 2012 and in planning for trial, including jointly:

    a. hosting the document depository and monitoring the review of documents to ensure proper performance and non-duplication of effort;

    b. coordinating discovery on behalf of Plaintiffs consistent with the requirements of Fed. R. Civ. P. 26(b), including preparation of joint interrogatories, requests for productions of documents, and examination of witnesses in depositions;

    c. coordinating the selection and preparation of expert witnesses;

    d. organizing and conducting settlement negotiations;

    e. coordinating and allocating the payment of joint costs and expenses; and

    f. coordinating the provision of legal services to ensure compliance with Court orders, timetables, and assignments and to avoid unnecessary expenditures of time and funds.

---

rationale of diverse representation is insufficient to justify appointment of multiple lead plaintiffs); *Vincelli v. Nat'l Home Health Care Corp.*, 112 F. Supp. 2d 1309, 1318 (M.D. Fla. 2000) (warning against the appointment of too many lead firms because of "difficulty of arriving at decisions and monitoring the case.").

2. James E. Cecchi of Carella Byrne is designated the Chair of the Plaintiffs' Executive Committee (the "Chair").

3. Counsel for Plaintiffs shall avoid unnecessary duplication of efforts and shall control fees and expenses in order to keep litigation costs reasonable.

4. This Order shall apply to each action subsequently filed in or transferred to the United States District Court for the District of New Jersey.

*[signature]*

Hon. Joseph A. Dickson
United States **Magistrate** Judge