NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| DENNIS LYNCH, et. al., | Hon. Dennis M. Cavanaugh |
| Plaintiffs, | **OPINION** |
| v. | Civil Action No. 2:11-cv-07382 (DMC) (JAD) |
| TROPICANA PRODUCTS, INC., a division of PepsiCo, Inc., and PEPISCO, INC., | |
| Defendants. | |

DENNIS M. CAVANAUGH, U.S.D.J.:

This matter comes before the Court upon motion for clarification by Defendant Tropicana Products, Inc. ("Tropicana" or "Defendant"). (Def.'s Motion for Clarification, June 26, 2013, ECF No. 53). After considering the submissions of the parties and based upon the following, it is the finding of this Court that Defendant's motion for clarification is **denied**.

I. BACKGROUND[1]

The named Plaintiffs in this action are seven purchasers of Tropicana's orange juice who assert that Tropicana has been falsely claiming that its modified "not-from-concentrate" orange juice ("NFC juice" or "the product") is 100% pure and natural orange juice. Despite Tropicana's "100% pure and natural claim," Tropicana's NFC juice, according to Plaintiffs, is processed, colored, and flavored. Plaintiffs assert claims for: (1) unjust enrichment; (2) breach of express warranty; (3) violation of the New Jersey Consumer Fraud Act; (4) violation of N.Y. GEN BUS.

---

1 The facts contained herein are taken from the Complaint and the parties' respective moving papers.

LAW § 349; (5) violation of N.Y. GEN. BUS. LAW § 350; (5) violation of N.Y. GEN. BUS. LAW § 350; (6) violation of the Consumers Legal Remedies Act ("CLRA"), Cal. Civ. Code §§ 1750, *et. seq.*; (7) violation of the Unfair Competition Law, Cal. Bus. & Prof. Code § 17200, *et. seq.*; (8) violation of the California False Advertising Law, Cal. Bus. & Prof. Code § 17500, *et seq.*; (9) violation of the Wisconsin Fraudulent Representations and Deceptive Trade Practices Law, WIS. STAT. § 100.18(1); (10) violation of the Wisconsin Unfair Methods of Competition and Trade Practices Law, WIS. STAT. § 100.20(1); (11) punitive damages under Wisconsin Law; (12) violation of the State Consumer Protection laws of various states; and (13) for injunctive relief and declaratory relief pursuant to 28 U.S.C. § 2201.

On September 25, 2012, Tropicana filed a Motion to Dismiss the Consolidated Amended Complaint. (ECF No. 37). Oral arguments in this case were held on May 14, 2013. In an Opinion filed June 12, 2013 ("June 12 Opinion"), this Court granted in part and denied in part the motion to dismiss. Tropicana now seeks clarification of this Court's June 12 Opinion.

## II.   LEGAL STANDARD

"The general purpose of a motion for clarification is to explain or clarify something ambiguous or vague, not to alter or amend." Resolution Trust Co. v. KPMG Peat Marwick, No. Civ. A. No. 92–1373, 1993 WL 211555, at *2 (E.D. Pa. June 8, 1993). Conversely, the purpose of a motion for reconsideration is "to correct manifest errors of law or fact or to present newly discovered evidence." Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir.1985), cert. denied, 476 U.S. 1171 (1986) (citation omitted). Reconsideration is "an extraordinary remedy" that is to be granted "very sparingly." NL Indus. Inc. v. Commercial Union Ins. Co., 935 F. Supp. 513, 516 (D.N.J. 1996) (citing Maldonado v. Lucca, 636 F. Supp. 621, 630 (D.N.J. 1986)). Local Rule

7.1(i), under which such motions are governed, does not contemplate a recapitulation of arguments considered by the Court before rendering its original decision. <u>Bermingham v. Sony Corp. of Am., Inc.</u>, 820 F. Supp. 834, 856 (D.N.J. 1992), <u>aff'd</u> 37 F.3d 1485 (3d Cir. 1994). It is improper to "ask the court to rethink what it ha[s] already thought through — rightly or wrongly." <u>Oritani Sav. & Loan Ass'n v. Fid. & Deposit Co.</u>, 744 F. Supp. 1311, 1314 (D.N.J. 1990). Motions for clarification are often evaluated under the standard for a motion for reconsideration in this jurisdiction. <u>See, e.g.</u> <u>Fastware, LLC v. Gold Type Business Machines, Inc.</u>, Civil Action No. 09–1530, 2009 WL 2151753, at *2 (D.N.J. July 14, 2009); <u>see also</u> <u>Nye v. Ingersoll Rand Co.</u>, Civ. A. No. 08–3481, 2011 WL 253957, at *3 (D.N.J. Jan. 25, 2011).

### III. DISCUSSION

Tropicana moves for "clarification that the following claims are dismissed for the reasons set out in Tropicana's motion to dismiss:" (1) Plaintiffs' claims challenging the image of the orange on Tropicana's labels are dismissed as preempted under 21 U.S.C. § 343-1(a)(2)-(3); (2) Plaintiffs' claims challenging the five manufacturing steps for pasteurized orange juice other than flavor packs (i.e., orange juice extraction, de-oiling, deaeration, pasteurization, and storage) are dismissed as preempted under 21 U.S.C. § 343-1(a)(2)-(3) and the standard of identity for pasteurized orange juice, 21 C.F.R. § 146.140, which permits these processes; and (3) Plaintiffs' claims challenging non-labeling advertisements are dismissed for lack of standing, as no Plaintiff alleges having seen or relied on these statements. (Def.'s Mot. for Clarification 2). As a preliminary matter, this Court notes that although the motion is framed as one for clarification, it is in essence requesting modification of the Court's June 12 Opinion and corresponding Order. (See Defs.' Mot. Br. 5-6; Consolidated Amended Complaint ("CAC") at 12, Sept. 25, 2012, ECF

3

No. 37).

### A.   Motion for Clarification

Defendant seeks to have this Court find Plaintiffs' allegations directed at the picture of the orange with the straw in it and five of six steps in the manufacturing process set forth in the Complaint are preempted by federal law and that Plaintiffs do not have standing to challenge non-labeling advertisements. (See Defs.' Mot. Br. 5-6). Tropicana asserts that it demonstrated in its motion to dismiss that the FDA specifically permits a manufacturer to use the name and image of a fruit on a product's packaging to describe the "characterizing flavor" of the product. (Def.'s Mot. Br. 7) (citing 21 C.F.R. § 101.22, § 101.30(a),(b)(1)). Plaintiffs acknowledge that, had the image on Tropicana's not-from-concentrate orange juice ("NFC juice") carton simply contained an orange, Plaintiffs would not dispute that FDA regulations permitted the image. (Pls.' Opp'n Br. 7). However, the issue, according to Plaintiffs is that the image of the orange with a straw stuck in it creates a misleading impression for consumers. (Pls.' Opp'n Br. 7).

This Court stated and intended that its Order and Opinion deny federal preemption to all claims "for purposes of this motion to dismiss." (June 12 Opinion at 9, 11, June 26, 2013, ECF No. 51). This Court addressed preemption as a wholesale, umbrella issue before separately considering the additional grounds wherein Tropicana asserted dismissal was warranted as to individual claims contained in the CAC. Furthermore, this Court's June 12 Opinion states that "Plaintiffs sufficiently allege when they viewed Tropicana's advertisements, that those advertisements were misrepresentations which incited them to purchase Tropicana's orange juice, and the frequency with which they purchased the NFC juice." (June 12 Opinion at 15). Therefore, because this Court does not agree that "the three discrete categories of claims at issue in the Motion were not ruled on" (see Def.'s Letter, July 31, 2013, ECF No. 63), the instant motion must

be considered under the standard set forth for a motion for reconsideration. Tropicana has not pointed to any manifest error, extraordinary circumstances, new discoveries of facts, or changes in the law.

### B.    Analysis under Motion for Reconsideration Standard

Although Tropicana does not frame its motion as one for reconsideration, it asserts that if its motion was to be "considered a motion for reconsideration . . . it should still be granted." (Def.'s Mot. Br. 6 n.2). However, the motion has not established the appropriate grounds for reconsideration. Tropicana has not shown an intervening change in law or new evidence that would compel the Court to change its prior position or set forth an overlooked matter that may have incited this Court to draw a different conclusion. See In re: Telfair, 745 F. Supp. 2d 536, 560-61 (D.N.J. 2010) ("mere disagreement with the district court's decision is an inappropriate ground for a motion for reconsideration: such disagreement should be raised through the appellate process"). As no evidence has been provided, no new or overlooked law asserted, and no manifest error in law or fact presented, this Court finds that Tropicana's motion for clarification is **denied**.

### IV.    CONCLUSION

For the foregoing reasons, Tropicana's motion for clarification is **denied**. An appropriate Order accompanies this Opinion.

Date:   September **3**, 2013
cc:     Hon. James B. Clark
        Counsel of Record
        File

Dennis M. Cavanaugh, U.S.D.J.