**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| IN RE:  TROPICANA ORANGE JUICE MARKETING AND SALES PRACTICES LITIGATION<br><br>MDL 2353<br><br><br>**This Document Relates To:**<br>**ALL CASES** | Civ. No. 2:11-07382<br><br><br>OPINION |

**WILLIAM J. MARTINI, U.S.D.J.:**

  Plaintiffs bring this class action against Defendant Tropicana Products, Inc. ("Defendant"), alleging numerous violations of common law and state consumer protection laws, in connection with Defendant's sale of orange juice.  This matter comes before the Court on Plaintiffs' motion for reconsideration of the Court's January 2018 opinion and order denying class certification.  There was no oral argument.  Fed. R. Civ. P. 78(b).  For the reasons set forth below, Plaintiffs' motion for reconsideration is **DENIED**.

  **I.**  **BACKGROUND**

  The Court assumes the parties' familiarity with the facts and procedural history of the instant case and writes solely for their benefit.  On January 22, 2018, the Court issued an opinion (the "Class Opinion") and order denying Plaintiffs' motion for class certification.  *See* Op. ("Class Op."), ECF No. 311; Order, ECF No. 312.  The Court found that Plaintiffs met the Rule 23(a) requirements for certification but failed to meet the requirements set forth under Rule 23(b)(2) and (b)(3).  Specifically, the Court found that Plaintiffs' common law claims of unjust enrichment and breach of express warranty, and their claims under the New Jersey Consumer Fraud Act ("NJCFA") failed because individual issues predominated over common issues concerning consumers' motivations when deciding to purchase Defendant's orange juice product Tropicana Pure Premium ("TPP").  *See* Class Op. at 5–11.  The Court further found that Plaintiffs' consumer protection claims under New York and California law failed because Plaintiffs did not show by a preponderance of the evidence that they could successfully implement a reliable and administratively feasible mechanism for determining whether putative class members fall within the class definition.  *See id.* at 11–16.  Finally, the Court found that Plaintiffs

lacked standing to pursue injunctive relief under Rule 23(b)(2) because Plaintiffs failed to show a real and immediate threat of future injury by a preponderance of the evidence. *See id*. at 16–17.

Plaintiffs now move for reconsideration, arguing first that the Court made a clear legal error in misconstruing Plaintiffs' theory of liability that contradicts the Court's earlier findings made in its June 2013 opinion addressing Defendant's motion to dismiss. *See* Pls.' Br. in Supp. of Mot. for Reconsideration ("Pls.' Br.") 4–6, ECF No. 314. Plaintiffs further submit that the Court made clear legal errors and overlooked dispositive factual circumstances concerning its decision that individual issues predominate Plaintiffs' common law and NJCFA claims. *See id*. at 7–15. Second, Plaintiffs argue that the Court inappropriately gave more weight to Defendant's expert opinions over Plaintiffs' expert opinions. *See id*. at 16–17. Moreover, Plaintiffs argue that the Court held Plaintiffs' expert opinions to a higher standard than was otherwise permissible and that the Court essentially ruled on the merits as to whether Plaintiffs' class-wide proof would succeed at trial without allowing such evidence to go before a jury. *See id.* 17–19. Third, Plaintiffs argue that the Court overlooked evidence of class-wide injury by focusing solely on a small portion of Plaintiffs' expert survey and ignoring Plaintiffs' other expert opinions and survey results. *See id*. at 19–20. Fourth, Plaintiffs argue that the Court erred in its ascertainability analysis because it "treated any supposed imperfection in the records as fatal," it conflated the federal rules of discovery with Rule 23, and it overlooked the clear evidence in the record that class members can be identified. *See id*. at 20–21. Finally, Plaintiffs argue that the Court should have certified New York and California sub-classes of individuals who purchased TPP at Members Only Club stores as an alternative to Plaintiffs' proposed class. *See id*. at 21–22.

Defendant opposes reconsideration, arguing first that Plaintiffs forfeited their "law of the case" argument regarding the Court's earlier findings because they failed to raise it in their motion for class certification. *See* Def.'s Opp'n to Pls.' Mot. for Reconsideration ("Def.'s Opp'n") 2, ECF No. 315. Even if they had, Defendant submits that the law-of-the-case doctrine does not apply here. *See id*. at 3–4. Second, Defendant argues that Plaintiffs attempt to rehash legal arguments that the Court previously rejected, which is impermissible. *See id*. at 4–6. Third, Defendant argues that Plaintiffs' assertions concerning the Court's treatment of Plaintiffs' expert opinions are meritless because it is the Court's role to determine whether Plaintiffs' evidence satisfies Rule 23, not the role of a jury. *See id*. at 6–8. Fourth, Defendant submits that Plaintiffs' disagreement with the Court's ascertainability analysis does not amount to clear legal error. *See id*. at 8–9. Finally, Defendant argues that Plaintiffs cannot use their motion for reconsideration to obtain certification of two new classes, which they failed to ask the Court to consider in their original motion for class certification. *See id*. at 9–12.

## II. LEGAL STANDARD

Local Civil Rule 7.1(i) provides that "a motion for reconsideration shall be served and filed within 14 days after the entry of the order or judgment on the original motion by the Judge or Magistrate Judge." "A motion for reconsideration is properly treated as a motion under Rule 59(e) . . . to alter or amend the judgment." *Koshatka v. Phila. Newspapers, Inc.*, 762 F.2d 329, 333 (3d Cir. 1985). "[A] judgment may be altered or amended if the party seeking reconsideration shows at least one of the following grounds: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the motion . . .; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Max's Seafood Cafe ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999).

"The word 'overlooked' is the operative term in [Rule 7.1(i)]." *Lentz v. Mason*, 32 F. Supp. 2d 733, 751 (D.N.J. 1999) (citation omitted). "Only dispositive factual matters and controlling decisions of law which were presented to the court but not considered on the original motion may be the subject of a motion for reconsideration." *Id.* (quotation and citation omitted). "[S]uch motions are not an opportunity to argue what could have been, but was not, argued in the original set of moving and responsive papers." *Id.* (quotation and citation omitted).

## III. DISCUSSION

Plaintiffs move under the clear error of law or manifest injustice rationale. The Court briefly addresses each of Plaintiffs' arguments, but ultimately finds that Plaintiffs do not raise any clear errors of law that warrant reconsideration.

### A. The Class Opinion Does Not Conflict with the Court's June 2013 Opinion Addressing Defendant's Motion to Dismiss and the Court Did Not Misconstrue Plaintiffs' Theory of Liability

Plaintiffs grossly mischaracterize the Court's June 2013 opinion in arguing that the Class Opinion violates the law-of-the-case doctrine. For example, Plaintiffs cite the following sentence as a finding made by the Court: "Tropicana does not disclose the use of flavor packing on its label nor is it mentioned in its advertising." *See* Pls.' Br. at 5. Plaintiffs conveniently ignore that the Court's citation for this sentence, and many others, was Plaintiffs' consolidated amended complaint. The Court was compelled to assume the truth of all allegations therein at the motion to dismiss phase, but that assumption is wholly separate from the Court *finding* or *holding* that Plaintiffs did, in fact, prove the truth of their allegations. The Court made no finding or holding regarding Plaintiffs' theory of liability in its June 2013 opinion; instead, it merely reiterated Plaintiffs own allegations in considering whether their claims should survive Defendant's motion to dismiss.[1]

---

[1] Furthermore, Plaintiffs' theory of liability at the motion to dismiss phase closely incorporated their allegation that TPP violates the FDA's standard of identity for pasteurized orange juice, just as it did in Plaintiffs' motion for class

3

Regardless of what Plaintiffs represented in 2013, the Court holds Plaintiffs accountable to their representations of their theory of liability in their moving papers. For example, Plaintiffs stated the following:

- "The conduct Plaintiffs will prove is common to every class member – the concealed addition of flavors to TPP (contrary to regulations), *and the violation of the standard of identity for pasteurized orange juice*," Pls.' Mem. of Law in Supp. of Motion for Class Certification 1, ECF No. 271 (emphasis added);

- "The common issues that will drive this case to resolution are: (1) *whether Defendant adds ingredients to TPP that are not permitted under the standard of identity for pasteurized orange juice*; . . . ," *id*. at 2 (emphasis added);

- "[*T*]*his theory of liability* illustrates why the claims here are eminently appropriate for class treatment: *either TPP conforms to the standard of identity or it does not*, either flavors are added or they are not," *id*. (emphasis added);

- "Therefore, *because TPP is labeled and sold as 'pasteurized orange juice' and does not conform to that standard*, TPP: (a) is 'misbranded' under the FDCA and mislabeled; (b) violates common law that depends upon compliance with an objective standard (*e.g.*, breach of warranty); and (c) violates state laws that adopt or repeat *in haec verba* federal law (*e.g.*, state consumer fraud statutes)," *id*. at 9 (emphasis added);

- "Here, the relevant facts that make the transaction unjust do not vary between class members: *Defendant labeled TPP as the standardized food pasteurized orange juice, but TPP does not conform to the standard and is therefore illegally sold*," *id*. at 31 (emphasis added);

The Court need not go on, although it could. Plaintiffs exhaustively alleged that TPP contains added flavoring, which violates the standard of identity for pasteurized orange juice, and Defendant, therefore, misbranded TPP and illegally sold it. Clearly, whether TPP conforms to the FDA's standard of identity for pasteurized orange juice lies at the heart of Plaintiffs' theory of liability *as articulated by Plaintiffs' own words*.

Contrary to Plaintiffs' unsupported claims, the Court never focused on whether TPP was "heat treated," whatever that means. Instead, the Court focused on Plaintiffs' own submission and the evidence before it. *See* Class Op. at 1–2, 6, 8, 10 (quoting and citing Plaintiffs' papers in summarizing their general theory of liability and specific theories as to their unjust enrichment, warranty and NJCFA claims). The Court, therefore, finds no

---

certification. *See, e.g.*, Op. 4, 9, 11, June 12, 2013, ECF No. 51.

cause for reconsideration as to whether the Class Opinion conformed to the Court's previous findings or whether the Court misconstrued Plaintiffs' theory of liability.

### B. The Court Did Not Hold Plaintiffs' Expert Opinions to a Higher Standard nor Did It Overlook Evidence of Class-Wide Injury

Plaintiffs next claim that the Court implicitly afforded more weight to Defendant's expert opinions over Plaintiffs' expert opinions despite Plaintiffs' *Daubert* challenges. The Court did no such thing; instead, the Court merely pointed to the results of Dr. Toubia's survey as *one piece of evidence* in the record that shows great variation in the reasoning behind consumers' purchasing decisions of TPP. This variation creates a predominance problem for Plaintiffs' NJCFA claims because "'*certification of a NJCFA class is not proper when class members do not react to misrepresentations or omissions in a sufficiently similar manner.*'" *See* Class Op. at 10–11 (quoting *Marcus v. BMW of N.A., LLC*, 687 F.3d 583, 609 (3d Cir. 2012) (emphasis added)). The Court made no determinations about either party's expert witnesses beyond what was necessary to complete its Rule 23 analysis. It certainly did not determine, expressly or implicitly, that Defendant's experts were more persuasive than Plaintiffs' experts were. Indeed, the Court did not even reach the issue of Plaintiffs' damages model, which was the subject of the most relevant expert submissions at the Rule 23 stage here.

The Court also did not overlook evidence of class-wide injury. To the contrary, the Court carefully considered every piece of evidence put before it by the parties. The fact that the Court did not directly reference every piece of evidence that Plaintiffs deem relevant does not mean that the Court did not consider it. *Morton v. Fauver*, No. 97-cv-5127, 2011 WL 2975532, at *3 (D.N.J. July 21, 2011) ("The fact that an issue was not explicitly mentioned by the court does not on its own entail that the court overlooked the matter in its initial consideration.") (citation omitted). The Court, therefore, finds no cause for reconsideration because it overlooked evidence or gave undue weight to Defendant's experts.

### C. Plaintiffs' Assertions Concerning the Court's Ascertainability Analysis and Certification of New York and California Members Only Club Sub-Classes Are Plainly Meritless

Plaintiffs' remaining arguments are simply meritless. Plaintiffs argue that the Court erred in its ascertainability analysis because it treated any supposed imperfection in the records as fatal, its previous ruling on discovery related matters did not bar Plaintiffs from showing that they can identify class members, and it held Plaintiffs' evidence to a higher standard than a preponderance of the evidence. *See* Pls.' Br. at 20–21. The Court did none of these things. The Court made clear that there is no "records requirement" in satisfying ascertainability. *See* Class Op. at 14. Nonetheless, Plaintiffs are obligated "to propose a method of ascertaining the class with evidentiary support that the method will be successful." *Id*. at 16 (citing *Byrd v. Aaron's Inc.*, 784 F.3d 154, 164 (3d Cir. 2015)). The Court found that Plaintiffs' evidence was insufficient for a multitude of reasons. *Id*. at 12–

16. It, therefore, concluded: "Plaintiffs failed to show *by a preponderance of the evidence* that Dr. Narayanan's methodology will be successful and, therefore, they failed to satisfy the ascertainability requirement." *Id.* at 16 (emphasis added).  Plaintiffs' disagreement with the Court's assessment of their evidence is not cause for reconsideration.  *See Lentz*, 32 F. Supp. 2d at 751 (D.N.J. 1999) ("Further, [m]ere disagreement with a decision of the district court should normally be raised through the appellate process and is inappropriate on a motion for reargument.") (internal quotation and citation omitted).

Finally, Plaintiffs submit that the Court should have certified California and New York sub-classes of individuals who purchased TPP at Members Only Club stores as an alternative to Plaintiffs' proposed class.  *See* Pls.' Br. at 21–22.  Plaintiffs did not ask the Court to consider such an alternative in their original motion and cannot do so now on reconsideration.  Motions for reconsideration "are not an opportunity to argue what could have been, but was not, argued in the original set of moving and responsive papers." *See Lentz*, 32 F. Supp. 2d at 751.  Accordingly, the Court finds that Plaintiffs do not raise any clear legal or factual errors or issues of manifest injustice that warrant reconsideration.  Plaintiffs' motion, therefore, is **DENIED**.

### IV.   CONCLUSION

For the reasons stated above, Plaintiffs' motion for reconsideration of the Court's January 2018 opinion denying class certification is **DENIED**.  An appropriate order follows.

                                           */s/ William J. Martini*
                                        **WILLIAM J. MARTINI, U.S.D.J.**

**Date: May 21, 2018**