

ONE RIVERFRONT PLAZA
1037 Raymond Blvd., 6th Floor
Newark, NJ 07102

T: 973.757.1100
F: 973.757.1090

WALSH.LAW

Liza M. Walsh
Direct Dial: (973) 757-1101
lwalsh@walsh.law

October 29, 2018

**VIA ECF AND FEDERAL EXPRESS**
Hon. William J. Martini, U.S.D.J.
United States District Court for the District of New Jersey
Martin Luther King Jr. Bldg. & U.S. Courthouse
50 Walnut Street
Newark, New Jersey 07101

Re:   *In re Tropicana Orange Juice Marketing & Sales Practices Litigation*, MDL 2353
       Master Docket No. 2:11-cv-07382 (WJM) (JBC)

Dear Judge Martini:

       This firm, together with Gibson, Dunn & Crutcher LLP, represents Defendant Tropicana Products, Inc. ("Tropicana") in connection with the above-referenced matter.  We write regarding Plaintiffs' Renewed Motion for Class Certification, which was filed on Friday, October 19, 2018, without any prior notice to Tropicana or approval from this Court.  DE No. 320 (the "Renewed Motion").  Plaintiffs' Renewed Motion—their *third* motion for class certification—does not advance this case.  Tropicana respectfully requests that it be permitted to file a case-dispositive motion for summary judgment on all Plaintiffs' claims, and that further proceedings on Plaintiffs' Renewed Motion be deferred pending resolution of Tropicana's proposed summary judgment motion. Tropicana sought Plaintiffs' consent to proceed in this manner, however Plaintiffs confirmed they do not consent.

       Permitting Tropicana to move for summary judgment now is warranted on the undisputed record and will result in a more efficient use of Court and party resources.  Specifically, record evidence has exposed fatal infirmities in Plaintiffs' claims that warrant an end to this case now. By way of example, Plaintiffs' deposition testimony shows that they were not injured and that their orange juice purchases were not caused by the alleged mislabeling that they purport to challenge. Moreover, Plaintiffs' price-inflation theory should be rejected under controlling legal authority. *See Harnish v. Widener Univ. Sch. of Law*, 833 F.3d 298, 309-12 (3d Cir. 2016).  Plaintiffs' expert testimony likewise fails to rescue their claims; among other reasons, the proffered consumer survey does not match Plaintiffs' testimony or their theory of harm. Tropicana proposes to move for summary judgment on Plaintiffs' individual claims by November 30, 2018. Tropicana anticipates that its summary judgment motion would result in dismissal and final judgment on all of the claims in this case, and thereby obviate the need for any proceedings on Plaintiffs' Renewed Motion.

       Proceeding in this manner would be a far more efficient use of the Court's and the parties' resources, since Plaintiffs' Renewed Motion merely seeks to recycle issues and arguments that already have been litigated and rejected by this Court.  Indeed, Plaintiffs' last motion for class

Hon. William J. Martini, U.S.D.J.
October 29, 2018
Page 2

certification was denied in Your Honor's thorough January 22, 2018 opinion detailing the deficiencies in the Plaintiffs' claims and proposed class.  DE No. 311.  Following the Court's ruling, Plaintiffs filed a motion for reconsideration seeking to certify substantially the same revised class now proposed in their Renewed Motion.  *See* DE No. 313.  This Court denied Plaintiffs' Motion for Reconsideration on May 24, 2018 in another opinion detailing the deficiencies in Plaintiffs' request for certification.  *See* DE No. 319.  Thereafter, Plaintiffs filed a Rule 23(f) petition seeking review by the Third Circuit, in which they again repeated their class certification arguments.  The Third Circuit denied Plaintiffs' Rule 23(f) petition on July 10, 2018.

Given the foregoing, Plaintiffs have had more than a full and fair opportunity to litigate their arguments for certification of a class in this case.  There have been no new record developments since this Court denied class certification on January 22, 2018—indeed, discovery closed more than two and a half years ago, on April 7, 2016—and the Court's denial of class certification remains fully consistent with Third Circuit law.

Nonetheless, Plaintiffs now seek another "reassessment" of this Court's denial of class certification, instead of either dismissing the lawsuit or proceeding to the merits of the individual Plaintiffs' claims.  Plaintiffs ask this Court to allow another bite at the class certification apple, which would further delay resolution of this case, by invoking Rule 23(c)(1)(C).  DE No. 321 (the "Renewed Br.") at 2.  But "Rule 23(c)(1)(C) . . . is not a separate mechanism by which a party can seek reconsideration of a prior order" denying class certification.  *Daniel F. v. Blue Shield of Cal.*, No. C 09-2037, 2015 WL 3866212, at *3 (N.D. Cal. June 22, 2015).  Instead, "renewed motion[s]" seeking reassessment of orders denying class certification are treated as motions for reconsideration.  *Id.* at *3-6.  In rejecting Plaintiffs' request that it reconsider denial of certification, this Court found that such motions are not a chance to rehash legal arguments, nor are they "an opportunity to argue what could have been, but was not, argued in the original set of moving and responsive papers."  DE No. 318 at 6.  Yet that is precisely what Plaintiffs attempt here, despite the absence of any change in the record or controlling legal authority.

With their Renewed Motion, Plaintiffs seek to certify a class of Costco club members in California and New York who purchased Tropicana Pure Premium orange juice at Costco stores in those states.  Renewed Br. at 1.  When Plaintiffs previously sought reconsideration of this Court's class certification denial based on a similar class definition involving "Members Only" clubs like Costco in California and New York, this Court rejected it, ruling that Plaintiffs could have, but "did not ask the Court to consider such an alternative in their original motion and cannot do so now."  DE No. 318 at 6.  This Court also ruled that focusing the class definition on "Members Only" clubs did not change the outcome under Rule 23, because Plaintiffs' assertions concerning the "Certification of New York and California Members Only Club Sub–Classes Are Plainly Meritless."  *Id.* at 5-6.  Further limiting the proposed class to New York and California Costco members likewise fails.  There is no need for this Court to revisit Plaintiffs' repetition of class certification arguments that not only could have been made before, but in fact were made and previously rejected by this Court.[1]  Finally, even if there were some factual or legal basis for Plaintiffs' Renewed Motion (and there is not), it still does not move this case any closer to final

---

[1] *E.g.*, Renewed Br. at 21 n.23 (rehashing argument that this Court's 2013 opinion on Tropicana's motion to dismiss "recognized" Plaintiffs' current theory of liability); *id.* at 33 (rehashing argument that Plaintiffs' ascertainability methodology met the Third Circuit's standard).

Hon. William J. Martini, U.S.D.J.
October 29, 2018
Page 3

resolution—not even for the one Plaintiff who joined in the motion, and certainly not for the other Plaintiffs who did not join and are not mentioned in the motion.

Tropicana respectfully submits that it should not have to endure the significant expense of yet another unmeritorious class certification motion.  This is especially true where, unlike Plaintiffs' Renewed Motion, Tropicana's proposed summary judgment motion would move this case toward final resolution.

If Tropicana's request is acceptable, it respectfully requests that Your Honor "So Order" this letter and place it on the docket.[2]

We greatly appreciate the Court's consideration of this request and for its ongoing attention to this matter.  Should Your Honor or Your Honor's staff have any questions or require anything further, we are always available.

Respectfully submitted,

*s/ Liza M. Walsh*

Liza M. Walsh

cc:    All Counsel of Record (via ECF and E-mail)

**SO ORDERED:**

**This _____ day of _____, 2018**

_____
**Hon. William J. Martini, U.S.D.J.**

_____

[2] If Tropicana's request is denied, Tropicana expects that it will need additional time to oppose Plaintiffs' unanticipated Renewed Motion.  Plaintiffs have represented that, should Tropicana's request be denied, they will work with Tropicana on mutually agreeable adjustments to the briefing schedule for the Renewed Motion.