# CARELLA, BYRNE, CECCHI, OLSTEIN, BRODY & AGNELLO, P.C.
## COUNSELLORS AT LAW

CHARLES C. CARELLA
BRENDAN T. BYRNE
PETER G. STEWART
JAN ALAN BRODY
JOHN M. AGNELLO
CHARLES M. CARELLA
JAMES E. CECCHI

JAMES D. CECCHI (1933-1995)
JOHN G. GILFILLAN III (1936-2008)
ELLIOT M. OLSTEIN (1939-2014)

JAMES T. BYERS
DONALD F. MICELI
A. RICHARD ROSS
CARL R. WOODWARD, III
MELISSA E. FLAX
DAVID G. GILFILLAN
G. GLENNON TROUBLEFIELD
BRIAN H. FENLON
LINDSEY H. TAYLOR
CAROLINE F. BARTLETT

**5 BECKER FARM ROAD**
**ROSELAND, N.J. 07068-1739**
**PHONE (973) 994-1700**
**FAX (973) 994-1744**
**www.carellabyrne.com**

FRANCIS C. HAND
AVRAM S. EULE
CHRISTOPHER H. WESTRICK*
JAMES A. O'BRIEN III**

OF COUNSEL

*CERTIFIED BY THE SUPREME COURT OF
NEW JERSEY AS A CIVIL TRIAL ATTORNEY
**MEMBER NY AND MA BARS ONLY

RAYMOND J. LILLIE
WILLIAM SQUIRE
STEPHEN R. DANEK
DONALD A. ECKLUND
MEGAN A. NATALE
ZACHARY S. BOWER+
MICHAEL CROSS
CHRISTOPHER J. BUGGY
JOHN V. KELLY III
MICHAEL A. INNES

+MEMBER FL BAR ONLY

November 1, 2018

<u>Via ECF</u>

Hon. William J. Martini
United States District Court
District of New Jersey
M.L. King, Jr. Federal Building
   and U.S. Courthouse
50 Walnut Street
Newark, New Jersey 07102

Re:   *In re Tropicana Orange Juice Marketing & Sales Practices Litigation*,
<u>MDL 2353 Master Docket No. 2:11-cv-07382 (WJM) (JBC)</u>

Dear Judge Martini:

    We are interim lead counsel for Plaintiffs in the above-referenced matter. We write in opposition to the October 29, 2018 Letter of Defendant Tropicana Products, Inc. ("Tropicana"), which requests that Tropicana be allowed to file a motion for summary judgment and that the Court defer its decision on Plaintiff's pending renewed motion for class certification until the Court resolves Tropicana's motion for summary judgment. Tropicana's request was filed with the Court ten days after the filing by Plaintiff Angelena Lewis of her renewed motion for class certification.

## I. The Court Should Deny Tropicana's Request to Decide Tropicana's Proposed Motion for Summary Judgment Before Ruling on Plaintiff's Pending Renewed Motion for Class Certification

    Any ruling on Tropicana's *yet-to-be filed* motion for summary judgment should be deferred until this Court has decided the *pending* renewed motion for class certification. "[D]istrict courts generally do not grant summary judgment on the merits of a class action until the class has been properly certified and notified." *Schwarzschild v. Tse*, 69 F.3d 293, 295 (9th Cir. 1995). Plaintiff welcomes the opportunity to address the merits of this case at the summary judgment stage after the resolution of her renewed motion for class certification.

The Honorable William J. Martini
November 1, 2018
Page 2

      Importantly, a ruling on summary judgment now could violate the one-way intervention doctrine—an issue that Tropicana fails to deal with. *See generally Taha v. Cty. of Bucks*, 862 F.3d 292, 298 (3d Cir. 2017) (discussing one-way intervention doctrine). Rule 23 was amended in 1966 in order to eliminate the possibility of one-way intervention, *i.e.*, to ensure that class members would be identified before any decision on the merits of a case, so that they would be bound by all orders and judgments in the case. *Am. Pipe & Const. Co. v. Utah*, 414 U.S. 538, 547 (1974); *see Rodriguez v. Banco Cent.*, 790 F.2d 172, 174 n.3 (1st Cir. 1986) ("Under [the proposed amendment], one-way intervention is excluded.") (quoting advisory committee note to 1966 amendment). "But in 2003, Rule 23 was again amended to state that any class certification decision should be made '[a]t an early practicable time after a person sues or is sued as a class representative'" *Taha*, 862 F.3d at 299 (quoting Fed. R. Civ. P. 23(c)(1)(A)); *see also Wallace B. Roderick Revocable Living Tr. v. XTO Energy, Inc.*, 2015 WL 790081, at *1 (D. Kan. Feb. 25, 2015) ("Rule 23 thus implies that entry of judgment should follow certification and notice. Indeed, most courts rule on certification before dispositive motions."). Also, "an evaluation of the probable outcome on the merits is not properly part of the certification decision." Fed. R. Civ. P. 23(c), Advisory Notes to 2003 Amendments. Accordingly, Rule 23 mandates a decision on Plaintiff's pending motion for class certification before a decision on the merits.

      Indeed, in light of the concerns raised by the one-way intervention doctrine, many courts properly resolve pending class certification motions before summary judgment and certainly before contemplated motions that have not been filed. *See Brown v. Hain Celestial Grp., Inc.*, 2014 WL 6483216, at *7 (N.D. Cal. Nov. 18, 2014) ("One-way intervention is a serious issue. It is the problem created when merits issues are decided before a class is certified; the ruling binds named parties but not absent members of the proposed class. The latter can thus choose to join or opt out of the class depending on how the substantive decisions have fallen. Absent parties would remain free to re-litigate ostensibly decided questions. Generally speaking, this is inefficient and unfair. Absent a class action ..., a defendant could win against the named plaintiff and then face additional suits by other [claimants] similarly situated. . . . As the California Supreme Court aptly analogized, a defendant is then open to being pecked to death by ducks. One plaintiff could sue and lose; another could sue and lose; and another and another until one finally prevailed. . . . Courts thus mostly avoid pre-certification merits rulings") (citations and internal quotation marks omitted); *see also August v. Michigan Dep't of Corrections*, 2018 WL 4679597, at *3 (E.D. Mich. Sept. 29, 2018) ("The Court will thus first address the class-certification motion and then turn to the summary judgment motion"); *Bickel v. Sheriff of Whitley Cty.*, 2010 WL 883654, at *3 (N.D. Ind. Mar. 5, 2010) (denying "Defendant's request to stay determination of the class certification decision until after it has ruled on the parties' cross motions for summary judgment" in light of Rule

The Honorable William J. Martini
November 1, 2018
Page 3

23 language "and because the nature of the claims and issues presented by the Plaintiff's suit are sufficiently defined to be able to conduct a Rule 23 analysis"); *Manning v. Princeton Consumer Discount Co.*, 390 F. Supp. 320 (E.D. Pa. 1975) (declining to defer ruling on class certification until after ruling on summary judgment motion and holding that circumstances did not warrant suspension of plain language of Fed. R. Civ. P. 23(c)(1) that "as soon as practicable after the commencement of an action brought as a class action, the court shall determine by order whether it is to be so maintained"); 2 Herbert Newberg & Alba Conte, *Newberg on Class Actions* § 7.15 (3d ed. 1992) (explaining that, for reasons of judicial efficiency, to guide litigation strategy, and to avoid one-way intervention, class certification issues generally should be addressed before dispositive motions).

The timing of Tropicana's proposal to file a motion for summary judgment (days after Plaintiff's renewed motion for class certification) suggests that Tropicana is attempting to bias this Court against Plaintiff's pending class certification motion. By way of example only, Tropicana argues that its proposed motion "will result in a more efficient use of the Court and party resources," and that "record evidence has exposed fatal infirmities in Plaintiffs' claims that warrant and end to the case now." Def. Letter, at 1. Tropicana forecasts that its motion for summary judgment will show the meritlessness of Plaintiffs' claims and that addressing the motion for class certification would be a waste of time and resources. *Id*. at 1-2. Notwithstanding Tropicana's prophesies, it is plain that determination of the renewed motion provides the greater opportunity for efficiency.

Further, although the completion of discovery is not necessary to move for summary judgment, if, as Tropicana trumpets, *the record as of April 7, 2016 demonstrated that the case has fatal infirmities*, Tropicana's belated request raises the question of why it waited so long after discovery closed, when Tropicana supposedly had the evidence it needed to move for summary judgment. Rule 56(b) provides that "[u]nless a different time is set by local rule or the court orders otherwise, a party may file a motion for summary judgment at any time until 30 days after the close of discovery." Fed. R. Civ. P. 56(b). Although a district court has discretion to authorize a summary judgment filing after the 30 day period, the Third Circuit has indicated that such discretion should be "[be] tailored to the needs of the specific case, perhaps adjusted as it progresses." *Cioni v. Globe Specialty Metals, Inc*., 618 F. App'x 42, 45 (3d Cir. 2015) (quoting Fed. R. Civ. P. 56 comm. n. (2009)). Here, the specific needs of the case call for a ruling on class certification "as soon as practicable." Indeed, the scheduling orders in this case have provided that "[t]he parties shall meet and confer promptly upon the Court's class certification ruling and submit a proposed schedule with regard to dispositive motions to the Court within 20 days of the ruling." ECF 77 ¶ 19; ECF 88, ECF 91, ECF 92, ECF 98, ECF 109, ECF 15, ECF 122, ECF 136, ECF 139, ECF 142. Tropicana never proposed any meet and confer within that period to discuss its anticipated motion for summary judgment.

CARELLA, BYRNE, CECCHI, OLSTEIN, BRODY & AGNELLO
A PROFESSIONAL CORPORATION

The Honorable William J. Martini
November 1, 2018
Page 4

Nor did Tropicana seek an extension of that time period. Local Civil Rule 6.1(a) (extensions of time shall be made prior to expiration of time period). As such, under Rule 56(b) and the Court's scheduling orders, Tropicana's motion is untimely.

Moreover, as noted, Rule 23(c)(1)(A) requires that a court address class certification "[a]t any early practicable time." In light of the foregoing law and the case history, the only logical deduction that can be drawn from Tropicana's filing of a motion for summary judgment, immediately following Plaintiff's filing of a motion for class certification, is that Tropicana disingenuously desires to bias this Court's view of Plaintiff's renewed motion for class certification with its twisted view of the merits, rather than have that Court first address that motion.

Tropicana never expressly declined the protection of the one-way intervention doctrine because, as noted, it utterly fails to address this doctrine. A trial court may only rule on dispositive motions before or simultaneously with a class ruling only when the defendant *waives* the protection of the rule which eliminates one-way intervention. *See Katz v. Carte Blanche Corp.,* 496 F.2d 747, 759-762 (3d Cir. 1974); *Manning v. Princeton Consumer Discount Co.,* 390 F. Supp. 320, 324 (E.D. Pa. 1975) (court may not postpone class certification until after liability is decided absent agreement from defendant); *Zeltzer v. Carte Blanche Corp.,* 76 F.R.D. 199, 200 (W.D. Pa. 1977) (absent express waiver by defendant of protection against one-way intervention, motion for summary judgment not ripe for determination until after decision on class certification); *see also Wright v. Schock,* 742 F.2d 541 (9th Cir. 1984) (court may properly rule on summary judgment motion first when defendant waives protection afforded by early class ruling and assumes risk that summary judgment motion in his/her favor will have only stare decisis effect on members of the putative class).

Alternatively, in the event Tropicana is permitted to file its proposed motion for summary judgment prior to resolving class certification, the Court should hold that Tropicana has waived its rights under the one-way intervention doctrine, and limit any ruling only to the named Plaintiffs moved against.[1]

---

[1] *See Dicuio v. Brother Int'l Corp.*, 2015 WL 3403144, at *3-4 (D.N.J. May 27, 2015) ("where a defendant moves for summary judgment against individual plaintiffs prior to class certification, 'the defendant loses the preclusive effect on subsequent suits against him of class certification'") (quoting *Cowen v. Bank United of Texas, FSB,* 70 F.3d 937, 941 (7th Cir. 1995)); *see also Peritz v. Liberty Loan Corp.*, 523 F.2d 349, 354 n.4 (7th Cir. 1975) (noting that defendants may waive one-way intervention protection by moving for summary judgment prior to class certification); *Haas v. Pittsburgh Nat. Bank,* 381 F. Supp. 801, 806 (W.D. Pa. 1974) ("defendants, by moving for summary judgment prior to the sending out of class notice, thereby assume the risk that a judgment in their favor will not protect them from subsequent suits by

The Honorable William J. Martini
November 1, 2018
Page 5

## II. Defendant's Arguments as to the Merits of its Proposed Motion for Summary Judgment and Plaintiff's Pending Renewed Motion for Class Certification Are Improper

The remainder of Tropicana's arguments similarly lack merit. Those arguments consist of baseless attacks, outside the confines of any properly filed opposition brief, on Plaintiff's pending renewed motion for class certification and conclusory statements that Tropicana's proposed summary judgment motion is a sure bet and will put "an end to this case now." *See* Def Letter, at 1-3. Such posturing is improper at this stage and constitutes a violation of the spirit if not the letter of this Court's Local Civil Rules concerning page limits on briefs. *See* Local Civil Rule 7.2. Not surprisingly, Tropicana fails to provide any record citations to support its contentions that Plaintiffs' claims lack merit. As such, it has not come close to showing that resolving its motion for summary judgment will result in "a far more efficient use of the Court's and the parties' resources." To the contrary, based on the evidence in the current record, and the applicable law, it is Plaintiffs' perspective that any such motion should be denied, and would be an inefficient waste of the parties' and Court's time and resources.

Even if Tropicana's arguments were properly raised – and they are not – they do not warrant addressing summary judgment at this stage. For instance, Tropicana argues that "Plaintiffs' price inflation theory should be rejected under controlling legal authority." Def. Letter, at 1 (citing *Harnish v. Widener University School of Law*, 833 F.3d 298, 309-12 (3d Cir. 2016)). Tropicana's argument is bizarre. *Harnish* concerned the application of New Jersey Consumer Fraud Act ("NJCFA") (*i.e.*, only one of the various state law claims at issue), and was previously addressed at length by the parties in this litigation. The Court never upheld this argument by Tropicana. Also, this Court has rejected this same argument in the context of the NJCFA. *See Dzielak v. Whirlpool Corp.*, 2017 WL 6513347, at *10 (D.N.J. Dec. 20, 2017) ("there is a distinction to be drawn between the fraud-on-the-market theory rejected by *Harnish* and the benefit-of-the-bargain theory endorsed by [this Court in] *Smajlaj* "). Further, *Harnish* concerns *class certification law*, not the merits of Plaintiffs' claims. *See Harnish*, 833 F.3d at 304-06 (3d Cir. 2016) (holding that class certification was properly denied when predominance was based on statistical evidence of price inflation because it did not prove reliance of individual class members).

---

other potential class members, for only the slender reed of stare decisis stands between them and the prospective onrush of litigants"), *aff'd in part, rev'd in part, on other grounds*, 526 F.2d 1083 (3d Cir. 1975).

The Honorable William J. Martini
November 1, 2018
Page 6

Tropicana also argues that Plaintiff's renewed motion for class certification "merely seeks to recycle issues and argument that already have been litigated and rejected by this Court." Def Letter, at 2. Tropicana attempts to muddy the waters by arguing that the pending renewed class certification motion presents "substantially the same revised class" presented in the reconsideration motion that the Court denied. *Id.* This is false. Tropicana points to no previous motion of Plaintiffs under Rule 23(c)(1)(C) that seeks certification of a modified and narrower class as defined in the renewed class certification motion here (*i.e.*, limited to California and New York residents who bought from Costco in those states and who bring claims under the consumer fraud laws of those states).

Tropicana's argument also ignores Rule 23(c)(1)(C), which provides that "[a]n order that grants or denies class certification may be altered or amended before final judgment." Tropicana cites only to a single, unpublished, out of Circuit decision for the proposition that Plaintiff's Rule 23(c)(1)(C) motion should be "treated as [a] motion[] for reconsideration,"[2] and conveniently ignores numerous decisions by the Third Circuit and this Court cited in Plaintiff's renewed motion for certification that hold that a renewed class certification motion may, after a prior denial, present a modified proposed class definition which cures defects earlier found by the court, pursuant to Rule 23(c)(1)(C). *See* ECF No. 321, at 2-4; *see also Finberg v. Sullivan*, 634 F.2d 50, 64 (3d Cir.), adhered to, 658 F.2d 93 (3d Cir. 1980). "The problem identified by the district court might well be remedied by requiring a more specific or narrower definition of classes. The district court should not deny certification on account of such problems without considering the possibility of redefining the classes."); *Grubb v. Green Tree Servicing, LLC*, No. CV 13-07421 (FLW), 2017 WL 3191521, at *14 (D.N.J. July 27, 2017) ("some courts, nevertheless, have allowed plaintiffs to amend their proposed class definition so that they are legally sufficient") (citing *Messner v. Northshore Univ. HealthSystem,* 669 F.3d 802, 825 (7th Cir. 2012)); *Vill. of Bedford Park v. Expedia, Inc. (WA)*, 309 F.R.D. 442, 454–55 (N.D. Ill. 2015) ("'when a class definition is not ascertain-able, a court should "refin[e] the class definition rather than flatly deny class certification on that basis."") (quoting *Messner,* 669 F.3d at 825). Indeed, for all of its arguments, Tropicana presents no

---

[2] Tropicana's arguments suggests that it believes an application under Rule 23(c)(1)(C) is subject to the same test set forth in Rule 59(e), *i.e.,* whether the court made a manifest error of law or fact. *See* Fed.R.Civ.P. 59(e). However, the issue of whether this Court erroneously weighed the merits of Plaintiffs' action is *not* a part of Rule 23(c)(1)(C) inquiry. *See* Notes of Advisory Comm., Subdivision (c)(1) (1966); *see also Pikas v. Williams Companies, Inc.*, 2010 WL 8785932, at *1 (N.D. Okla. Sept. 27, 2010) ("A motion to alter class certification is properly characterized under Fed.R.Civ.P. 23(c)(1)(C), not under Rule 59(e), because the class certification is not a final judgment.").

The Honorable William J. Martini
November 1, 2018
Page 7

argument addressing why Plaintiffs' renewed motion for class certification does not satisfy the criteria previously set forth in the Court's January 22, 2018 decision. Nor can it.

Finally, Tropicana's argument "that it should not have to endure the significant expense of yet another unmeritorious class certification motion," Def. Letter, at 3, cannot be reconciled with its arguments that the Court has already rejected the contentions raised in the renewed motion. Of course, if that were true, then it would require little time and effort from Tropicana to put together a quick response to Plaintiff's "recycled" motion.[3]

We appreciate the Court's consideration of this submission and your continued attention to this matter. Of course, if the Court has any questions, we are available at your convenience.

Respectfully submitted,

CARELLA, BYRNE, CECCHI,
OLSTEIN, BRODY & AGNELLO, P.C.

/s/ James E. Cecchi

JAMES E. CECCHI

cc: All Counsel of Record (via ECF)

---

[3] Regardless of which motion or motions the Court decides to consider first, the parties have agreed to work cooperatively and to submit a proposed briefing schedule to the Court.