UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| IN RE: TROPICANA ORANGE JUICE MARKETING AND SALES PRACTICES LITIGATION<br><br>MDL 2353<br><br><br>**This Document Relates To:**<br><br>ALL CASES | Civ. No. 2:11-07382<br><br><br>OPINION |

### WILLIAM J. MARTINI, U.S.D.J.:

**THIS MATTER** comes before the Court upon the Motion for Certification of Modified Class, Appointment of Class Representatives, and Appointment of Class Counsel, filed by Plaintiff Angelena Lewis[1] on October 19, 2018. ECF No. [320] ("Renewed Motion"). Ten days after Plaintiff filed her motion, Defendant filed a letter brief arguing that the Court should stay briefing on the Renewed Motion and should allow Defendant to first move for summary judgment on the claims of the individually named plaintiffs in this multi-district litigation. ECF No. [323]. Plaintiff objected by way of letter brief on November 1, 2018, ECF No. [324], and Defendant filed a reply letter brief on November 5, 2018, ECF No. [325]. The Court now resolves the issues raised by the parties in their letters.

### I. BACKGROUND

The Renewed Motion is Plaintiff's third attempt to move for class certification. *See* ECF Nos. [144], [270], & [320]. On January 22, 2018, the Court denied certification by way of a written opinion. ECF No. [311]. In the opinion, the Court found that Plaintiff met the Rule 23(a) requirements for certification but failed to meet the requirements set forth under Rule 23(b)(2) and (b)(3). Specifically, the Court held that the common law claims of unjust enrichment and breach of express warranty and the claims under the New Jersey Consumer Fraud Act failed because individual issues predominated over common issues concerning consumers' motivations when deciding to purchase Defendant's orange juice product Tropicana Pure Premium. *Id.* at 5–11. The Court further found that the

---

[1] The Court will refer to "Plaintiff" in the singular based on her representation in the Renewed Motion that she alone seeks certification on behalf of the putative class.

consumer protection claims under New York and California law failed because Plaintiff did not show by a preponderance of the evidence that she could successfully implement a reliable and administratively feasible mechanism for determining whether putative class members fall within the class definition. *See id.* at 11–16. Finally, the Court found that Plaintiff lacked standing to pursue injunctive relief under Rule 23(b)(2) because Plaintiff failed to show a real and immediate threat of future injury by a preponderance of the evidence. *See id.* at 16–17.

Plaintiff then moved for reconsideration. ECF No. [313]. The Court denied reconsideration on May 24, 2018. Approximately five months later, Plaintiff filed the Renewed Motion. ECF No. [320].

## II. THE INSTANT MOTION

In the Renewed Motion, Plaintiff seeks certification of two subclasses that Plaintiff argues correct the deficiencies noted by the Court in its opinion denying class certification. Plaintiff moves for certification of two modified subclasses as follows:

> All consumers who were or are members of a Costco Wholesale Store in the State of California and who purchased Tropicana Pure Premium Orange Juice at a Costco Wholesale store in the State of California between January 1, 2008 and the present ("California Class").

> All consumers who were or are members of a Costco Wholesale Store in the State of New York and who purchased Tropicana Pure Premium Orange Juice at a Costco Wholesale store in the State of New York between January 1, 2008 and the present ("[New York] Class").

Instead of responding to the Renewed Motion, Defendant filed a letter brief requesting leave of Court to file motions for summary judgment in lieu of responding to the Renewed Motion. ECF No. [323]. In sum, Defendant argues that moving for summary judgment against the named plaintiffs prior to any renewed motion for class certification would be a more efficient use of the resources of the Court and the parties because the Renewed Motion merely rehashes arguments already rejected by the Court on class certification and reconsideration. *Id.* at 2. As noted above, Plaintiff objected to the letter brief by way of its own letter brief. ECF No. [324]. Defendant filed a reply. ECF No. [325].

## III. ANALYSIS

Despite its arguments that the Court should not permit Plaintiff to pursue the Renewed Motion, Defendant has not cited, and the Court has not found, authority which would suggest that once Plaintiff moved unsuccessfully for class certification or reconsideration of her class certification motion, Plaintiff is precluded from filing the Renewed Motion. ECF No. [324]. In fact, Federal Rule of Civil Procedure 23(c)(1)(C) expressly allows courts to alter or amend orders granting or denying class certification

"prior to the entry of final judgment." *Gutierrez v. Johnson & Johnson*, 523 F.3d 187, 199 n. 12 (3d Cir. 2008) (citing *McNamara v. Felderhof*, 410 F.3d 277, 280 (5th Cir. 2005). Thus, on a successive motion for class certification such as Plaintiff's here, the district court has "ample discretion to consider (or to decline to consider) a revised class certification motion after initial denial." *In re Initial Pub. Offering Sec. Litig.*, 483 F.3d 70, 73 (2d Cir. 2007) (collecting cases).

However, while a district court may revisit a prior denial of class certification, such motions are generally only proper when "there is a change in the circumstances or facts since that prior denial." *Barton v. RCI, LLC*, No. 10-CV-03657 PGS, 2014 WL 5762214, at *1 (D.N.J. Nov. 5, 2014) (citing *Gutierrez v. Johnson & Johnson*, 269 F.R.D. 430, 433–34 (D.N.J. 2010)). A change in circumstances or facts includes "developments in the factual background, a modified proposed class definition, new class representatives, or any other changes which may cure defects earlier found by the court." *Gutierrez*, 269 F.R.D. at 434 (citing *Zenith Labs., Inc. v. Carter–Wallace, Inc.*, 530 F.2d 508, 512 (3d Cir. 1976); *Bayshore Ford Truck v. Ford Motor Co.*, Civ. No. 99–741, 2010 WL 415329, at *2 (D.N.J. Jan. 29, 2010); *In re Fleetboston Fin. Corp. Sec. Litig.*, 253 F.R.D. 315, 338 (D.N.J. 2008). Thus, "it is not uncommon for district courts to permit renewed certification motions that set out a narrower class definition or that rely upon different evidence or legal theories." *D.C. by & through Garter v. Cty. of San Diego*, No. 15CV1868-MMA (NLS), 2018 WL 692252, at *1 (S.D. Cal. Feb. 1, 2018) (citing *Hartman v. United Bank Card*, Inc., 291 F.R.D. 591, 597 (W.D. Wash. 2013).

Here, Plaintiff's Renewed Motion seeks certification of two narrowed subclasses. Upon review of the record and the applicable law, the Court finds Plaintiff's Renewed Motion is both permitted and appropriate. The Court's prior opinion denying class certification highlighted specific deficiencies under Rule 23, and Plaintiff has refiled her motion ostensibly seeking to cure those deficiencies. *Initial*, 483 F.3d at 73 ("Nothing in our decision precludes the Petitioners from returning to the District Court to seek certification of a more modest class, one as to which the Rule 23 criteria might be met, according to the standards we have outlined."). And, while the Court properly declined to consider a modified class definition *for the first time on reconsideration*, that ruling does not necessarily preclude a new motion based on a modified class.

While Defendant may have strategic reasons for its request, the Court sees no reason to deny Plaintiff the opportunity to file her motion. Plaintiff ultimately may not prevail on certification. *Franco v. Conn. Gen. Life Ins. Co.*, 299 F.R.D. 417, 420 (D.N.J. 2014), *aff'd*, 647 F. App'x 76 (3d Cir. 2016) (noting that the renewed "motion corrects some of the problems identified in *Franco I*," but ultimately denying class certification); *Gutierrez*, 269 F.R.D. at 432 ("It was plaintiffs' prerogative to file a renewed motion, and they did so," but finding certification improper). However, that does not preclude her from properly filing her motion now. The Court accordingly finds that briefing the Renewed Motion prior to summary judgment is appropriate.

## IV. CONCLUSION

For the reasons stated above, Defendant's request to stay briefing for the Renewed Motion is **DENIED**. Defendant's request for leave to file for summary judgment prior to adjudication of the Renewed Motion is **DENIED**. An appropriate order follows.


Dated: December 28, 2018

*/s/ William J. Martini*
**WILLIAM J. MARTINI, U.S.D.J.**