# EXHIBIT 10



## CONFIDENTIAL

Direct Phone     (206) 447-2880
Direct Facsimile     (206) 749-1911
E-Mail     cardk@foster.com

April 27, 2015

**VIA E-MAIL & FEDERAL EXPRESS**
Donald A. Ecklund
Carella, Byrne, Cecchi, Olstein, Brody & Agnello, P.C.
5 Becker Farm Road
Roseland, New Jersey 07068-1739

      RE:    *In re Tropicana Orange Juice Marketing & Sales Practices Litigation*, MDL 2353
               Master Docket No. 2:11-cv-7382 (WJM)(JBC)

Dear Don:

       We represent Costco Wholesale Corporation in above-referenced matter. Please direct all correspondence intended for Costco in this case to Foster Pepper.

       **Confidentiality.** The information contained in this letter is designated as **CONFIDENTIAL** pursuant to the Discovery Confidentiality Order entered in the United States District Court for the District of New Jersey on December 18, 2013.

       **Plaintiff's Subpoena.** This letter sets out certain information requested in Plaintiffs' Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (the "Subpoena") in the above-referenced action. Costco set out its objections to the Subpoena on November 14, 2014, and as discussed among counsel. Costco maintains those general and specific objections, and does not waive them through this limited response. This letter shall be considered full satisfaction of the discovery sought in Plaintiff's subpoena.

       **Costco's Business.** Costco is a membership warehouse club, dedicated to bringing its members the best possible prices on quality, brand-name merchandise. With hundreds of locations worldwide, including over 400 in the United States alone, Costco provides a wide selection of merchandise, plus the convenience of specialty departments and exclusive member services. Costco's operating philosophy has always been to keep costs down and pass the savings onto its members.

       **Disclosure of Personal Information Harms the Trust and Goodwill Costco Built with its Members.** Costco's customer information is highly confidential and is not disclosed. Costco's business is centered on the trust and goodwill of its members, which Costco has worked hard to build over many years. Costco is committed to maintaining the privacy of its members' personal information, and promises to do so in its Privacy Statement. Producing members' information could significantly harm Costco's goodwill with members.

TEL: 206.447.4400  FAX: 206.447.9700  1111 THIRD AVENUE, SUITE 3400  SEATTLE, WASHINGTON 98101-3299  www.FOSTER.com

SEATTLE WASHINGTON  SPOKANE WASHINGTON

Donald A. Ecklund
April 27, 2015
Page 2

## CONFIDENTIAL

Costco takes seriously its obligation to safeguard its members' personal information, and treats the data as a protectable trade secret. Members' personal information is not widely available to Costco employees; only certain employees are afforded access with prior permission from the group managing those data screens. Costco consistently denies third parties access to member information. Costco does not intend to change these policies and practices in response to the Subpoena.

**Collection of Costco's Member Shopping Information.** Costco captures and collects certain transaction data at the point of sale (POS), which includes identification of the item(s) purchased by the Costco item number, the warehouse location, the date, and the membership number used to make the purchase. The UPC code is not consistently captured in the POS data. Costco has some POS transaction data dating back to its Fiscal Year 2000.

The POS transaction data maintained by Costco is not, in the ordinary course of business, maintained in a fashion that enables ready identification of members who purchased a specific item by UPC/SKU. Rather, a customized search would have to be devised in order to identify and collect such subsets of that data. Searching for such subsets is an undue burden in terms of time, expense, and diversion of Costco's employees from their responsibilities. If Plaintiffs' moved to compel production of such data, Costco would object both because the information is highly confidential and because it would be burdensome and expensive to produce.

**Verification of Costco Member Purchases.** Plaintiffs have suggested that, in the event a class is certified, (1) class members may be required to identify the locations they recall purchasing certain Tropicana products, and (2) if those alleged purchases were disputed by Defendants, the court-appointed administrator would need a mechanism for verifying the alleged purchase with the retailer.

If a class member identified him or herself as a Costco member, including his/her membership number and date ranges for purchase, Costco generally has the ability to retrieve a member's purchase history. If the class member was informed that, by providing his or her Costco member number, the member agrees that Costco may provide information about his Tropicana purchases, then Costco would agree to verify a limited number of alleged member purchases. Because searching through member purchase histories is time consuming and distracts from Costco's core business objectives, however, Costco does not agree to search for member histories for an unspecified number of class members self-identifying as Costco members, and would object to doing so for the entire class.

Please let me know if you would like to discuss further.

Sincerely,

*[signature]*

Kathryn Carder McCoy